**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**COOPER TIRE & RUBBER COMPANY,**                   **PLAINTIFF,**

**VS.**                 **CIVIL ACTION NO. 3:02CV210-P-A**

**JOHN BOOTH FARESE, ET AL.,**                **DEFENDANTS.**

## ORDER

This matter comes before the court upon Cooper Tire & Rubber Company's Motion to Place Under Seal and for Sanctions [446-1]. After due consideration of the motion and the response filed thereto, the court find as follows, to-wit:

Having reviewed the matter, the court concludes that the subject exhibits to the Kaster defendants' November 14, 2006 motion for summary judgment – *i.e.*, Exhibits 1, 11, 12, 13, 14, 16, 26, 27, 32, 33, 35, and 36 – should not be, and are hereby ordered as not being, sealed with regard to this case.

The most relevant distinction between this case and the Arkansas case, *Brownlee, et al. v. Cooper Tire & Rubber Company*, No. 2:99CV212 consolidated with *Donald Whitaker v. Cooper Tire & Rubber Company*, No. 2:99CV220, is that Cooper Tire was defending itself in the Arkansas litigation whereas Cooper Tire chose to sue Kaster in this case. Cooper Tire thereby has put the subject exhibits in issue in the case at bar as the very basis of this lawsuit. This court considered the subject exhibits in rendering its decision on Kaster's motion for summary judgment and, even if the documents had been sealed as far as this case is concerned at that time (which this court seriously doubts), the court would have unsealed the documents since Cooper Tire has shown no reason to this

court why the public interest in open public access to the subject documents is outweighed by their interests in sealing the documents. Furthermore, in the event the instant matter went to trial, the subject exhibits would be allowed during a public trial since they are highly relevant to the very core of Cooper Tire's causes of action.

Similarly, because of the nebulous nature of the sealed status of the subject documents, the court finds that sanctions against the Kaster defendants are not appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Cooper Tire & Rubber Company's Motion to Place Under Seal and for Sanctions [446-1] is **DENIED**.

**SO ORDERED** this the 2nd day of February, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE