# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**COOPER TIRE & RUBBER COMPANY**　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　**CAUSE NO.: 3:02CV210-SA**

**JOHN BOOTH FARESE, et al.**　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DISCLOSURE OF SETTLEMENT AMOUNT

This cause comes on consideration of Plaintiff Cooper Tire & Rubber Company's Motion in Limine to Prohibit Disclosure of Settlement Amount [481]. The Court finds as follows:

Cooper Tire was a defendant in a prior action styled <u>Nellie Brownlee, et al. v. Cooper Tire & Rubber Company</u>, No. 2:99CV212, consolidated with <u>Donald D. Whitaker v. Cooper Tire & Rubber Company</u>, No. 2:99CV220, in the United States District Court for the Eastern District of Arkansas, Eastern Division ("<u>Whitaker</u>"), which was a personal injury case involving an allegedly defective tire. Defendant Kaster served as counsel for the <u>Whitaker</u> plaintiffs. The <u>Whitaker</u> case settled in May 2002. Numerous documents in the <u>Whitaker</u> case were filed under seal by the Arkansas district court.

Subsequently, Plaintiff filed suit against John Booth Farese, Farese, Farese & Farese, P.A., Bruce R. Kaster, and Bruce R. Kaster, P.A., on the allegations of civil conspiracy, tortious interference with contract, and tortious interference with its business relations.

Plaintiff brings forth this motion alleging that the Court should prohibit any disclosure of the amount of the <u>Whitaker</u> settlement. The plaintiff maintains that the settlement agreement provided that the "settlement would be 'confidential as to amount.'" Moreover, the plaintiff insists that since the Arkansas court filed most of these documents under seal with the settlement

1

amount redacted, the amount should be prohibited from being disclosed. Lastly, the Plaintiff argues that Federal Rule of Evidence 408 prohibits disclosure of settlement amounts.

Defendants assert that the Plaintiff has put the numerical settlement amount at issue by questioning Defendants as to the $50,000 payment that was paid to John Booth Farese after the settlement. Moreover, the Defendants aver the settlement amount must be disclosed in order to allow the jury to compare the payment amount with the settlement amount. In other words, the Defendants argue that "the jury could never have the proper perspective of the $50,000 gift to Farese without being able to place it in the context of the total amount of money involved." Furthermore, the Defendants insist that no evidence exists that the payment was anything other than a gift and any argument to the contrary is pure speculation. Lastly, the Defendants argue that any mention of the $50,000 payment would be prejudicial to them.

In response to the $50,000 payment, the Plaintiff declares that the jury should have the opportunity to decide if the payment by Defendant Kaster and Whitaker co-counsel to Defendant John Booth Farese was a gift or an act in furtherance of a civil conspiracy.

The Court acknowledges that a motion in limine has not been filed specifically concerning the $50,000 payment. However, both parties have argued the point in the motion hearing and subsequently in the post-hearing briefing. Thus, the Court will consider the admissibility of the $50,000 payment as well. After considering the motion, additional briefing, and hearing oral argument, the Court is prepared to rule.

*Settlement Amount*

The Court agrees with the Plaintiff that the settlement amount should remain confidential. The "amount" has no bearing on this case and would serve no purpose except to prejudice the

Plaintiff. The settlement agreement was signed by all parties and specified it would be "confidential as to amount."

Additionally, these documents have remained under seal since settlement. Although the Arkansas court allowed the parties in this case to have limited access to the documents in Whitaker, the Arkansas court specifically did not allow access to the settlement amount. The settlement amount remains redacted or "blacked out" of the documents.

As to settlements, Federal Rule of Evidence 408 states:

Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) Furnishing or offering or promising to furnish – or accepting or offering or promising to accept – valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Although it is unclear whether Rule 408 directly applies to the settlement amount in this case, the Court concludes that even assuming it was admissible under Rule 408, it would not pass the threshold of Rule 403. The admissibility of a settlement amount would be very prejudicial to the plaintiff, and a juror would likely be biased after hearing the figure. Moreover, the purpose of Rule 408 is to encourage out-of-court settlements, and if this Court admitted evidence of the settlement amount, that purpose would be impeded.

Notably, the Plaintiff cited numerous cases in support of its argument that settlement amounts in prior unrelated cases was held to be highly prejudicial. Jones v. Wiese, 652 So. 2d

175, 177-78 (Miss. 1995) (trial court committed reversible error in allowing testimony regarding the amount of settlement of an unrelated case because the evidence was unduly prejudicial pursuant to Fed. R. Evid. 403); Boyd v. Smith, 390 So. 2d 994, 997 (Miss. 1980) (admission of testimony regarding the amount of plaintiff's prior settlement of unrelated case was reversible error).

In sum, the Court finds that even if the settlement amount was held to be admissible under Rule 408, any possible probative value would be far outweighed by its potential prejudice. See Smith v. Payne, 839 So. 2d 482, 487 (Miss. 2002). However, the Court will allow admission of the fact that a settlement occurred in order to educate the jury of the prior matters. Kennon v. Slipstreamer, Inc., 794 F. 2d 1067, 1069-70 (5th Cir. 1986) (holding that disclosure of the fact of a settlement was admissible in order to prevent jury confusion).

*$50,000 Payment*

Similarly, the Court finds that the amount of the payment to John Booth Farese is inadmissible, but the fact that the payment was made is relevant. Conspiracies are predominantly proved with circumstantial evidence since direct evidence of an explicit agreement rarely exists. Harris v. City of Southaven, Miss., No. 2:05CV211-D-A, 2007 WL 188112 *4 (N.D. Miss. Jan. 18, 2007) (citing Mack v. Newton, 737 F.2d 1343, 1350 (5th Cir. 1984)); Haralson v. E.F. Hutton Group, Inc., 919 F. 2d 1014 (5th Cir. 1991); Zervas v. Faulkner, 861 F.2d 823, 836-37 (5th Cir. 1988). Moreover, admissible conduct includes actions taken after the conspiracy has ended. U.S. v. Villarreal, 764 F.2d 1048, 1053 (5th Cir. 1985) (holding that payments made to wife of conspirator after conspiracy ended was relevant as to the issue of the existence of a conspiracy).

In the case *sub judice*, the jury could infer that these payments were in furtherance or because of a conspiracy. See U.S. v. Marino, 617 F.2d 76 (5th Cir. 1975) (testimony from which a jury could infer that defendant and co-defendant were being paid in an ongoing conspiracy was relevant); and U.S. v. Hatch, 926 F.2d 387, 394 (5th Cir. 1991) (allowing the admissibility of evidence of fraudulent payments and circumstances surrounding fraudulent payments, including bank statements, as relevant admissible circumstantial evidence of a conspiracy).

Defendants argue that this payment was merely a gift, while the Plaintiffs aver that the payment was a payoff in furtherance of a conspiracy. This decision is for a jury to decide. These payments are relevant evidence in which a jury could infer that a conspiracy existed or a gift was made.

However, the amount of the payment is more prejudicial than probative for a jury to consider. The jury can hear that a payment was made to John Booth Farese, who split it with his client, but the amount is inadmissible under Federal Rule of Evidence 403.

*Conclusion*

In sum, the amount of settlement is inadmissible, but the Court will inform the jury that the Whitaker case was settled. Similarly, the amount of the $50,000 payment is inadmissible, but Court will inform the jury that a payment was made to John Booth Farese, who shared it with his client. The Court instructs all parties there shall be no attempt to describe or characterize the amount of payment, i.e., shall not describe it as significant, insignificant, nominal, large, small, etc.

So **ORDERED**, this the 12th day of September, 2008.

**/s/ Sharion Aycock_____**
**U.S. DISTRICT COURT JUDGE**