# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**COOPER TIRE AND RUBBER CO.**                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                              **DEFENDANTS**

## MEMORANDUM OPINION

Presently pending before this Court are Defendants' Motions to Strike the Expert Report of Mark Hosfield [592, 597]. On November 19, 2008, Magistrate Judge Davis entered an Order Denying Motions to Strike Expert Report [621]. Although Magistrate Davis labeled the Order as a denial, in essence he "defer[red] any ruling on the admissibility of Hosfield's [] opinions, including any determination of whether or not they constitute rebuttal opinions for the trial judge's determination." Therefore, this Court now will address these motions.[1]

On May 15, 2008, the Court issued an Amended Scheduling Order in this matter, which set the deadlines for, among other things, the designation of experts. Cooper Tire timely designated its damages expert, Mark Hosfield, on August 15, 2008. Hosfield was deposed September 17, 2008, and Defendants' damages experts were deposed on October 1, 2008. The afternoon of October 6, 2008, Cooper Tire faxed a second report in the form of a letter from Hosfield to defense counsel.

Defendants seek to have the Court strike Hosfield's second report. Defendants contend that the information contained in Hosfield's second report is not based upon any new information that

---

[1] Also before the Court is Farese Defendants' Motion for Expedited Hearing on Farese Defendants' Motion to Strike Rebuttal Report of Mark J. Hosfield [623]. Said motion is denied as MOOT.

was unavailable to Cooper Tire at the time Hosfield's original report was prepared and is not a rebuttal of any of Defendants' expert reports. Defendants therefore assert that the second report is nothing more than an attempt by Hosfield to change his report after the deadline expired, and such an amendment should not be allowed.

Cooper Tire argues that it is not attempting to supplement its initial report, it is merely rebutting the reports and deposition testimony of Defendants' damages experts. Although Federal Rule of Civil Procedure 26(a)(2)(c) specifically contemplates the submission of rebuttal reports within 30 days of Defendants' expert designations, this Court must decide whether Hosfield's second report is a rebuttal, an inappropriate attempt to supplement his initial report, or an entirely new opinion. Federal Rule 26(a)(2)(c) provides that rebuttal disclosures are those that relate to evidence that is "intended *solely to contradict or rebut evidence* on the same subject matter identified by another party" in its expert disclosure. Fed. R. Civ. P. 26(a)(2)(c) (emphasis added).

Hosfield's initial report asserts that the publication of Barnett's affidavit to the media resulted in damage to Cooper Tire in the amount of $184,846,800.00. Hosfield's calculation was based upon the drop in the price of Cooper Tire's stock on the date of disclosure. Defendants' expert reports explained in part that, to the extent that the stock of Cooper Tire was damaged, that damage belonged to the shareholders, not Cooper Tire. For example, Kaster Defendants's expert, Robert Church, stated in his report, "[t]hat the share price was reduced affected the shareholders, obviously." Both of Defendants' experts were deposed on October 1, 2008, and reiterated these positions more clearly. Church testified that "stockholders are the ones that own the company, so they were the ones that potentially suffered damage," and "the company did not lose as a result of this market capitalization drop. The investors are the ones that potentially lost, not the Company."

Farese Defendants' expert, Charles Dennis, likewise testified that when the stock of a company drops, "the shareholders of the company have lost value," and "the owners of the company, the shareholders, are the people that get to eat the difference in values."

Both of the Defendants' experts were asked by Cooper Tire's attorneys during their depositions if it would make any difference in their opinions if Cooper Tire actually owned any of its own stock – treasury stock – as of May 10, 2002. Dennis stated: "Well, that would make a difference," going on to explain that "if the treasury stock was held to resale and add new capital into the company, they would have to resale it at a lower price." Likewise, Church testified that "if treasury stock were bought with the thought they would be reissued at a later date, then there would be damage based on what they could sell them for versus the measurement date . . . ."

Cooper Tire argues that Mark Hosfield's second report issued on October 6, 2008, was a rebuttal report responding to Defendants' experts' statements in their reports and depositions that only stockholders of Cooper Tire would be damaged by the drop in stock price and that Cooper Tire could potentially qualify in that regard if it had owned treasury stock as of May 10, 2002. Cooper Tire further contends that Hosfield's second report is not an additional measure of damages or an increasing of damages; rather, it is an "alternate analysis" in the event that Defendants' experts' rationale is accepted by this Court or the jury.

After reviewing a number of statements made by Cooper Tire with respect to Hosfield's second report, this Court is of the opinion that Hosfield's second report is not a proper rebuttal. Looking again at the language of Federal Rule 26(a)(2)(c), the Court finds that Hosfield's second report is not "intended *solely* to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosure. Fed. R. Civ. P. 26(a)(2)(c) (emphasis added). In fact,

3

Defendants' experts expressly acknowledged that Cooper Tire had the potential to experience damage from its treasury stock if Cooper Tire sold or intended to sell the stock on May 10, 2002. Hosfield's report did not rebut or contradict this assertion. Instead, Hosfield adopted this assertion and came up with a calculation to address it. Cooper Tire is attempting to interject a new calculation of damages through a procedural back door by labeling Hosfield's report a rebuttal report as opposed to a supplemental report or new opinion.

The Court's suspicions that Cooper Tire was injecting a new calculation of damages to be used in its case-in-chief were affirmed by an argument made in Cooper Tire's Opposition to the Kaster Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Damages Allegedly Caused by a Decrease in Cooper Tire's Stock Price [611]. Cooper Tire argues:

> Defendants have offered nothing to refute Hosfield's opinion regarding Cooper Tire's treasury shares. Any argument they might belately present, however, would be an uphill battle. Defendants could not attack the methodology behind Hosfield's calculation of damages to Cooper Tire's treasury shares because both Defendants' experts expressly agree with it. Both admitted that Cooper Tire would have suffered damages if it had owned its own stock as of May 10, 2002. Although Cooper Tire would submit that it is therefore undisputed that it suffered damages, at a minimum, there is a disputed issue of material fact regarding the existence and extent of its damages.

Tellingly, in an attempt to defeat summary judgment, Cooper Tire relies on Hosfield's second report as evidence it suffered damage to its treasury stock. Cooper Tire points out that Defendants' experts both admitted that Cooper Tire would have suffered damages to Cooper Tire's treasury shares if it had owned its own stock as of May 10, 2002. Although Cooper Tire oversimplifies Defendants' experts statements, Cooper Tire's use of Hosfield's second report in opposition to summary judgment demonstrates his report is not intended to rebut evidence. Despite Cooper Tire's assertions to the contrary, Hosfield's second report interjects a new basis for the

4

calculation of damages Cooper Tire seeks to use in its case-in-chief. Any purported damages from the holding of treasury stock should have been addressed in Hosfield's initial report as opposed to a rebuttal report. Further, an absolute requirement of Rule 26(a)(2)(c) is that the matter be injected by another party, i.e., by either the Kaster Defendants or the Farese Defendants. As evidenced by the deposition transcripts, the discussion of treasury stock was initiated by Cooper Tire during the cross-examination of Defendants' experts.

Accordingly, the Court finds that Hosfield's second report does not constitute rebuttal report. Although Cooper Tire does not contend its report is anything but a rebuttal, for the sake of argument, the Court will determine whether Hosfield's report is a supplemental report or an entirely new opinion. Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to serve expert disclosures containing "a complete statement of all opinions to be expressed and the basis and reasons therefore . . . ." FED. R. CIV. P. 26(a)(2)(B); see also Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 569 (5th Cir. 1996) ("Rule 26(a) requires initial expert disclosures to be complete and detailed). The purpose of this requirement is to "avoid the disclosure of 'sketchy and vague' expert information." Id. (citing FED. R. CIV. P. 26 advisory committee's note). Federal Rule of Civil Procedure 26(e)(1) provides that parties are under a duty to supplement their disclosures or discovery responses when they learn that a prior response was incomplete or incorrect and that the additional corrective information was not otherwise known to the other parties during the discovery process. FED. R. CIV. P. 26(e)(1). In addition, that subsection provides that with respect to expert reports, any additions or other changes must be disclosed by the parties by the time their Rule 26(a)(3) pretrial disclosures are due (at least 30 days before trial, pursuant to Rule 26(a)(3)(c)). And Rule 26.1(A)(5) of the Uniform Local Rules for the Northern District of Mississippi provides: "A party is under a duty to supplement

disclosures at appropriate intervals pursuant to Federal Rule of Civil Procedure 26(e) and in no event later than the discovery cut-off established by the scheduling order."

If Hosfield's second report is categorized as an entirely new opinion, then the report was due by the expert designation deadline of August 15, 2008. However, even if Cooper Tire's report is categorized as supplemental, the report was due no later than the discovery cut-off date of October 4, 2008. Because the report was provided to defense counsel on October 6, 2008, Hosfield's second report is untimely under either classification.

Courts have made it clear that supplemental expert reports cannot be used to "fix" problems in initial reports. See Reliance Ins. Co. v. Louisiana Land & Exploration Co., 110 F.3d 253, 258 (5th Cir. 1997) (affirming a district court's refusal to allow late supplementation of expert reports and holding: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case"); Cleave v. Renal Care Group, Inc., No. Civ. 2:04CV161, 2005 WL 1629750, at *1 (N.D. Miss. 2005) ("A new expert affidavit which is submitted to rebut a summary judgment motion should be striken if the new opinion is different from the earlier Rule 26 report"); Beller v. U.S., 221 F.R.D. 689, 691-95 (D.N.M. 2003) (supplemental reports cannot be used to buttress opinions or "shore up problems" in opinions contained in initial reports); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 603 (S.D. Tex. 2001) ("A subsequent expert affidavit submitted to rebut a summary judgment motion may be excluded if it differs from an earlier Rule 26 report"); Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc., No. Civ. 97-1608, 1999 WL 135297, at *4 (E.D. La. 1999) (Expert report discussing issues not included in initial report cannot be considered "supplementary.").

Hosfield's initial report contained no discussion regarding treasury stock owned by Cooper

Tire. His deposition testimony evidences that he never even considered whether or not Cooper Tire owned treasury stock in drafting his initial report. However, this information was available to him at the time he drafted his initial report. Pursuant to Federal Rule of Civil Procedure Rule 37(c), if a party fails to provide information required by Rule 26(a)[2], the party is not allowed to use that information at trial unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c)(1); Buxton v. Lil' Drug Store Products, Inc., 2007 WL 2254492, at *7 (S.D. Miss. 2007) (Failure to comply with the requirements of Rule 26(a) requires "automatic and mandatory" exclusion of the proffered expert opinion pursuant to Rules 26 and 37(c)(1) where the plaintiff cannot show that the violation was either "justified or harmless").

Furthermore, courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures. See Sierra Club, 73 F.3d 546 at 569 (purpose of supplemental report is to supplement – not to extend the expert disclosure deadline). Information Hosfield relied upon in his second report was available to the Plaintiff at the time Hosfield's initial report was prepared; therefore, a second report should not have been necessary. Instead, Hosfield should have included this alternative calculation of damages in his initial report. Considering that both his initial and second reports cite to the same document, Cooper Tire's June 30, 2002, 10Q filing, Cooper Tire has not provided substantial justification as to why the information contained in the second report was not included in the initial report. Therefore, the Court concludes Hosfield's report is not a supplemental report, but rather an entirely new opinion regarding the calculation of damages. Either way, Hosfield's second report is untimely.

---

[2] Federal Rule of Civil Procedure 26(a)(2)(c) provides that a party must disclose the identities of its testifying expert witnesses and their written reports at the times and in the sequence that the court orders.

Accordingly, Defendants' Motion to Strike is **GRANTED**.

A separate order in accordance with this opinion shall be issued this day.

**SO ORDERED** this the 26th day of November 2008.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**