# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**COOPER TIRE AND RUBBER CO.**                                                                 **PLAINTIFF**

**V.**                                                                  **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                                                   **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

Presently pending before this Court is Cooper Tire's Motion for Reconsideration [631] of the November 26, 2008, Order and Memorandum Opinion [627-628], which granted the Kaster Defendants' Motion to Strike Hosfield's Supplemental Report and the Farese Defendants' Motion to Strike Rebuttal Report of Mark J. Hosfield. The Court finds as follows:

Cooper Tire contends for the first time in the present Motion for Reconsideration that Hosfield's Second Report should be treated as a timely supplemental report as opposed to a rebuttal report. In Cooper Tire's Opposition to Defendants' Motions, Cooper Tire never contends Hosfield's second report was a timely filed supplemental report. This Court ruled that Hosfield's October 6, 2008, report was submitted after the October 4, 2008, discovery deadline. However, Cooper Tire correctly pointed out in its Motion for Reconsideration that October 4, 2008, was a Saturday and thus, pursuant to Federal Rule of Civil Procedure 6, the discovery deadline expired on Monday, October 6, 2008. While it is true Cooper Tire's second report was timely filed if the Court determined it to be a supplemental report, Cooper Tire fails to address this Court's conclusion that Hosfield's report was not a supplemental report, but rather an entirely new opinion regarding the calculation of damages. Hosfield's new opinions regarding treasury stock should have been

included in his initial report that was due on August 15, 2008.

Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to serve expert disclosures containing "a complete statement of *all opinions* to be expressed and the basis and reason therefore . . . ." FED. R. CIV. P. 26(a)(2)(B) (emphasis added); see also Sierra Club v. Cedar Point Oil Co., 73 F. 3d 546, 569 (5th Cir. 1996) ("Rule 26 requires initial expert disclosure to be complete and detailed). Federal Rule of Civil Procedure 26(e)(1) provides that parties are under a duty to supplement their disclosures or discovery responses when they learn that a prior response was incomplete or incorrect and the additional corrective information was not otherwise known to the other parties during the discovery process. FED. R. CIV. P. 26(e)(1); see also Sierra Club, 73 F.3d at 569 (purpose of supplemental report is to supplement – not to extend the expert disclosure deadline). Information Hosfield relied upon in his second report was available to Plaintiff at the time his initial report was prepared; therefore, a supplemental report should not have been necessary. Instead, Hosfield should have included this alternative calculation in his initial report. Considering that both his initial report and second report cite to the same document, Cooper Tire's June 30, 2002, 10Q filing, Cooper Tire has not provided any justification as to why the information contained in the second report was not included in the initial report.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Fifth Circuit, using an abuse of discretion standard, reviews a court's decision to exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to [provide

timely expert report]; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Barrett v. Atlantic Richfield Co., 95 F. 3d 375, 380 (5th Cir. 1996) (citing Sierra Club, 73 F. 3d at 572).

As to factor number one, Cooper Tire argues that it did comply with the rules by supplementing its initial report by the discovery cut-off date. However, Cooper Tire again overlooks the fact that this Court determined Hosfield's second report did not constitute a supplement to his initial report but was an entirely new opinion. Plaintiff's expert designations were due on August 15, 2008. Cooper Tire still fails to provide an explanation for why its "alternative calculation" of damages was not contained in Hosfield's initial report.

The second factor for our consideration involves the relative importance of the excluded testimony. Cooper Tire contends Hosfield's report is important "to counter the testimony of Defendants' experts." This Court is of the opinion, as explained in its Opinion striking Hosfield's second report, that Cooper Tire's second report is not a proper rebuttal. Further, in Cooper Tire's Opposition to Kaster Defendants' Motion for Partial Summary Judgment, Cooper Tire states:

> Defendants have offered nothing to refute Hosfield's [second] opinion regarding Cooper Tire's treasury shares. Any argument they might belatedly present, however, would be an uphill battle. Defendants could not attack the methodology behind Hosfield's calculation of damages to Cooper Tire's treasury shares because both of Defendants' experts expressly agree with it. Both admitted that Cooper Tire would have suffered damages if it had owned its own stock as of May 10, 2002.

This argument made by Cooper Tire further evidences that Hosfield's report is not important for these reasons stated by Cooper Tire and would not be used by Cooper Tire "to counter the testimony of Defendants' experts," but instead would be used as an additional element of damages. Cooper Tire has not persuaded this Court of the importance of the excluded testimony. Cooper Tire's description of Hosfield's second report as an "alternative calculation" of damages evidences its

3

nonessential nature.

Third, with respect to potential prejudice, Cooper Tire argues that there is no prejudice in allowing Hosfield's report. Specifically, Cooper Tire explains that Hosfield has been available for a deposition relating to his second report since the date of its rendering. However, Hosfield's second report was rendered on October 6, 2008, the last day of discovery. The new opinions contained in Hosfield's second report should have been produced in his initial report on August 15, 2008, months before the discovery deadline. Defendants have filed multiple motions to strike this report as improper rebuttal and untimely. Again, nowhere in Cooper Tire's opposition brief did Cooper Tire ever mention its report should be treated as a timely supplemental report. Finally, on December 2, 2008, Cooper Tire files this Motion for Reconsideration and attempts to persuade this Court Hosfield's report is not prejudicial. The Fifth Circuit has noted that a delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is thus prejudicial. Geiserman v. MacDonald, 893 F. 2d 787, 790 (5th Cir. 1990) (citations omitted); see also Williams v. Gonzales, 2005 WL 3447885, at *6 (E.D. Tex. Dec. 14, 2005) ("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of exclusion of [expert] testimony."). Although this Court allowed limited discovery as to the APCO invoice until December 15, 2008, the Court refuses to further extend discovery this close to trial.

The final factor is the possibility of a continuance. Any continuance allowed would result in additional delay and increased expenses. This case was filed on December 31, 2002. Since then, this case has been to the Fifth Circuit twice and reversed twice on the issue of liability alone. This Court vacated the bifurcation order on April 30, 2008, and set this now six-year old case for trial on

4

January 20, 2009. This Court made it clear to all parties in the April 30, 2008, motions hearing that the trial date would not be continued. Specifically, this Court explained to all parties that the trial date of January 20, 2009, was the only consecutive three weeks this Court had available before July of 2009, and that the trial date would not be postponed.

Accordingly, based on the foregoing analysis, Cooper Tire's Motion for Reconsideration [631] is **DENIED**.

**SO ORDERED** this the 9th day of December 2008.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**