**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**COOPER TIRE AND RUBBER CO.**                                                      **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the Court on Farese Defendants' Motion for Partial Summary Judgment [568] and also Kaster Defendants' Motion for Partial Summary Judgment [599]. The Court finds that both Motions shall be **DENIED**. Specifically, the Court finds as follows:

*BACKGROUND*

Cooper Tire & Rubber Company ("Cooper Tire") brought suit against attorneys Bruce Kaster and John Booth Farese and their law firms on December 22, 2002, alleging tortious interference with business relations, tortious interference with contract, and civil conspiracy. The district court twice has granted summary judgment in favor of Kaster and Farese, and the Fifth Circuit twice has reversed the district court's grants of summary judgment and remanded for trial on the merits. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 459 (5th Cir. 2005) ("Cooper Tire I"); Cooper Tire & Rubber Co. v. Farese, 248 F. App'x 555, 561 (5th Cir. 2007) ("Cooper Tire II").

The facts of this case are set out in detail in the Fifth Circuit's prior opinion in Cooper Tire I, 423 F.3d at 450-454. On December 22, 2002, Cooper Tire sued Kaster and Farese for their role in procuring testimony from former Cooper Tire employee Cathy Barnett, allegedly in violation of a separation agreement between Barnett and Cooper Tire. Cooper Tire alleges that:

> Cathy Barnett, upon ending her employment at Cooper Tire, signed a separation agreement that contained a non-disparagement clause; nevertheless, she executed an

> affidavit, prepared with Farese, containing false and disparaging statements about Cooper Tire; despite knowledge of the separation agreement, Farese provided Barnett's affidavit to another attorney, who provided it to Kaster, for use in pending litigation in Arkansas against Cooper Tire; despite knowledge of the separation agreement, Kaster leaked the affidavit to the media; as a result Cooper Tire sustained substantial losses to its stock value; and Kaster paid Farese $50,000 after the Arkansas litigation was settled.

Id. at 450.

On August 11, 2003, the district court entered an order bifurcating the liability and damages in this case. The case then proceeded as to the Defendants' liability. In the first summary judgment proceeding, the district court found that the separation agreement was contrary to Mississippi public policy because it protected an illegal enterprise by preventing Barnett from testifying about wrongdoing by Cooper Tire. Id. at 456. On August 23, 2005, the Fifth Circuit reversed and remanded for trial, holding that the agreement was not illegal under Mississippi law. Id. at 457. On remand, Kaster and Farese again moved for summary judgment and argued that the separation agreement was illegal because it violated an obscure anti-bribery statute, section 97-9-9 of the Mississippi Code. This district court again granted summary judgment in favor of Kaster and Farese Defendants. On September 21, 2007, the Fifth Circuit again reversed and remand for trial, holding that the district court erred by not correctly applying the law of the case following remand.

On April 30, 2008, this Court overturned the 2003 order that bifurcated damages from liability. Subsequently, Farese Defendants filed another Motion for Partial Summary Judgment regarding Plaintiff's claims for tortious interference with business relations, punitive damages, and civil conspiracy. Kaster Defendants also filed a Motion for Partial Summary Judgment regarding Plaintiff's claims for damages allegedly caused by a decrease in Cooper Tire's stock price.

## *STANDARD FOR SUMMARY JUDGMENT*

2

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548. That burden is not discharged by mere allegations or denials. FED. R. CIV. P. 56(e).

While all legitimate inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*DISCUSSION*

**I.    Farese Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Tortious Interference with Business Relations, Punitive Damages, and**

**Civil Conspiracy**[1]

In Cooper Tire II, the Fifth Circuit noted the following:

> Cooper Tire I also held that Cooper Tire's claims for tortious interference with contract, tortious interference with business relations, and civil conspiracy involved genuine issues of material fact which should be presented to a jury. 423 F. 3d at 459 ("Cooper Tire's claims turn in large part on proving Farese and Kaster's motives and intent. These types of determinations . . . are particularly ill suited for summary judgment. In short, genuine issues of material fact preclude summary judgment.") (Internal citation omitted). [] This holding is the law of the case and these three claims should be tried on the merits.

Cooper Tire II, 248 F. App'x at 561.

Despite the Fifth Circuit's second reversal and remand of this case for a trial on the merits, Defendants contend that when the Fifth Circuit ruled on Cooper I and Cooper II, discovery regarding liability was not complete, and the case was bifurcated. On April 30, 2003, this Court vacated the bifurcation order and opened discovery as to damages. Defendants again seek summary judgment on Plaintiff's claims for tortious interference with business relations, civil conspiracy, and punitive damages.

A.   Tortious Interference with Business Relations

Pursuant to Mississippi law, tortious interference with business relations requires showing: "(1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the Plaintiff in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted." PDN, Inc. v. Loring, 843 So. 2d 685, 688 (Miss. 2003). As quoted above, the Fifth Circuit previously determined that there are genuine issues of

---

[1] Kaster Defendants joined in Farese Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Tortious Interference with Business Relations, Punitive Damages, and Civil Conspiracy.

4

material fact as for elements (1), (2), and (3) of this claim that should be presented to a jury. As for element (4), Defendants argue that Cooper Tire has failed to adequately and properly plead the claim of interference with business relations and has admitted that it has no proof of diversion of its customers nor any proof of any material effect on its profits. Defendants contend that lacking such proof, Cooper Tire's claim for tortious interference with business relations fails as a matter of law, and partial summary judgment should be granted.

The Mississippi Supreme Court, in Amsouth Bank v. Gupta, addressed the necessity of customer diversion to demonstrate interference with business relations holding that "[w]hile the tort has its origin in efforts of a third party directed against a plaintiff's customers, conduct interfering with the plaintiff may suffice." 838 So. 2d 205, 214 (Miss. 2002) (internal citations omitted). As for damages, Defendants argue that damages resulting from interference with business relations must affect a company's net profit. Contrarily, in Lynn v. Soterra, Incorporated, the Mississippi Court of Appeals specifically noted that there is "considerable flexibility in the form of necessary proof of damages. What money a business would have made but for the interference of another party has to be estimated." 802 So. 2d 162, 170 (Miss. App. Ct. 2001).

Moreover, the proof in such a case must provide "such certainty as the nature of the particular case may permit" to "enable the trier of facts to make a fair and reasonable estimate of the amount of damage." Id. at 872 (citing Freeman v. Huseman Oil Intern., Inc., 717 So. 2d 742, 746 (Miss. 1998)). Furthermore, "[w]here it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery . . . [t]he plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating the loss." Raines v. Bottrell Ins. Agency, Inc., 992 So. 2d

642, 647 (Miss. Ct. App. 2008) (citing Cain v. Mid-South Pump Co., 458 So. 2d 1048, 1050 (Miss. 1984) (citation omitted)). In Koehring Company v. Hyde Construction Company, the Mississippi Supreme Court held "that a party will not be able to escape liability because of the lack of a perfect measure of damages . . . Therefore, a reasonable basis for computation and the best evidence which is obtainable under the circumstances of the case, and which will enable the trier to arrive at a fair approximate estimate of loss is sufficient proof." 178 So. 2d 838, 854 (Miss. 1965).

Despite Defendants' criticism of Cooper Tire's method used to calculate damages, the Court finds that Cooper Tire's market capitalization method is a reasonable basis for computation in light of the unique circumstances of this case and will assist the jury in estimating damages. Cooper Tire has raised genuine issues of material fact regarding its claim for damages; thus, summary judgment as to Plaintiff's claim for tortious interference with business relations is denied.

B.   Civil Conspiracy

Plaintiff alleges Defendants conspired to interfere with Cooper Tire's business relationship and to induce breach of the agreement between Cooper Tire and Barnett by dissemination of improper information to the public regarding Cooper Tire. Civil conspiracy requires showing: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages are the proximate result." Gallagher Bassett Servs., Inc. v. Jeffcoat, 887 So. 2d 777, 786 (Miss. 2004).

Defendants argue that because Cooper Tire's claim for tortious interference with a business relationship fails as a matter of law, Cooper Tire no longer has a viable claim for conspiracy to interfere with a business relationship. However, as explained above, there are genuine issues of material fact that preclude summary judgment on Plaintiff's tortious interference with a business

relationship. Further, Defendants argue that there is absolutely no proof of any conspiracy to interfere with a contract. Despite Defendants' assertions, the Fifth Circuit ruled that there are genuine issues of material fact as to Plaintiff's tortious interference with contract, tortious interference with business relations, and civil conspiracy which should be presented to a jury. Accordingly, Defendants' Motion for Partial Summary Judgment as to civil conspiracy is denied.

C.      Punitive Damages

Under Mississippi law, a claimant must prove by "clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others or committed actual fraud." See MISS. CODE ANN. § 11-1-65(1)(a). At this stage, the Court finds that it is premature to determine whether punitive damages are warranted considering malice is an element for both tortious interference claims. Because of the nature of these claims, the issue of punitive damages is best preserved for trial. See Mariner Health Care, Inc. v. Estate of Edwards, 964 So. 2d 1138, 1148 (Miss. 2007) (holding that "[t]he failure to conduct an evidentiary hearing on punitive damages, where the plaintiff has sought such damages and the jury has awarded compensatory damages, constitutes reversible error."). Therefore, summary judgment as to Cooper Tire's claim for punitive damages is denied.

**II.     Kaster Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Damages Allegedly Caused by a Decrease in Cooper Tire's Stock Price**

Defendants' motion presently before the Court mirrors the arguments presented in their Motion Pursuant to Fed. R. Evid. 104(a) to Strike Mark Hosfield's Testimony which recently was denied by this Court. Defendants seek partial summary judgment in order to strike and dismiss the claims made by Cooper Tire for alleged damages as a result of its stock price decrease on May 10,

2002. Defendants contend Cooper Tire was not damaged by the May 10, 2002, drop in the value of its publicly-traded stock. Defendants argue that the publicly-traded shares of Cooper Tire that were traded belonged to shareholders not Cooper Tire. However, the Mississippi Supreme Court has definitively determined that, under Mississippi law, an action for diminution in stock value belongs to the corporation, not its shareholders. Bruno v. Southeastern Servs., Inc., 385 So. 2d 620, 622-23 (Miss. 1980) (holding that "an action to redress injuries to a corporation, whether arising in contract or tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation"). As such, Cooper Tire is the proper party to recover for damage to stock value.

According to Defendants, Cooper Tire has admitted that the May 10, 2002, drop in stock price had no *material* impact on its financial position, and during recent damages discovery, Cooper Tire again admitted that the fall in stock price had no impact on its financial position. Cooper Tire's 30(b)(6) deponent, Eileen White, admitted that the decline in a company's stock is not a matter that is reported to the Securities and Exchange Commission ("SEC") under the financial section of its report, and she also admitted that the damage from the decline in stock price would not be damages reported to the SEC or stockholders according to Generally Accepted Accounting Principles. Additionally, Hosfield acknowledged that the loss he calculated would not be a loss that the Internal Revenue Service ("IRS") recognizes. To the extent that Cooper Tire's damage is not a loss reported or recognized by the SEC or IRS, these perceived weaknesses should be taken up through cross examination by Defendants and do not warrant granting summary judgment.

The theme of Defendants' present motion revolves around the argument that Cooper Tire's expert, Mark J. Hosfield, uses an inappropriate measurement of damages which is a simple calculation of market capitalization – the decrease in stock price multiplied by outstanding shares,

8

adjusted for market changes, to give a damage calculation of over $184 million. Defendants concluded that a determination by this Court that Hosfield's methodology is not relevant or reliable will leave no genuine issue of material fact that Cooper Tire was not damaged in any way by the May 10, 2002 drop in share price. In light of the Court's recent decision that Hosfield's testimony and methodology is relevant and reliable, summary judgment is inappropriate as there is a genuine issue of material fact as to whether Cooper Tire suffered damages as a result of the drop in share price. However, the Court notes that "in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Federal Rule of Civil Procedure 50(a) . . . ." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (holding that "[t]hese conventional devices, . . ., are the appropriate safeguards where the basis of [] testimony meets the standards of Rule 702").

## *CONCLUSION*

Based on the foregoing analysis, Defendants have failed to show that they are entitled to judgment as a matter of law. In any event, the Court has the discretion to allow Plaintiff's claims to proceed to trial. See Anderson, 477 U.S. at 255, 106 S. Ct. 2505 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). Accordingly, Farese Defendants' Motion for Partial Summary Judgment [568] and Kaster Defendants' Motion for Partial Summary Judgment [599] are **DENIED**.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 9th day of December 2008.

/s/ Sharion Aycock
                                                                        **U.S. DISTRICT JUDGE**