**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**COOPER TIRE AND RUBBER CO.**                                                   **PLAINTIFF**

**V.**                        **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                         **DEFENDANTS**

**ORDER ON MOTIONS
AND POST-HEARING BRIEFS**

This action is before the Court on numerous motions[1] and post-hearing briefs filed by the parties. Having fully considered the parties' submissions and the relevant authorities, the Court finds as follows with respect to the following motions and briefs:

**MOTIONS:**

**I.**      **Kaster Defendants' Motion to Strike Testimony of Carl Pierce and D. Culver Smith [403]:**

The Court previously has ruled on portions of this motion to strike and now rules on the remaining issues:

**Legal Experts Opining as to Kaster's Duty of Candor to the <u>Whitaker</u> Court**

Cooper Tire's expert, Carl Pierce, opines that Kaster violated his duty of candor to the <u>Whitaker</u> Court during the March 13, 2002, telephone hearing and the May 15, 2002, telephone conference. This Court has ruled that the testimony of legal experts will be allowed, but the Court has confined that testimony to whether the conduct of Defendants Kaster and Farese was the

---

[1] The Court acknowledges there are three other motions in limine [640,641,643] still outstanding besides the motions addressed in this opinion.

reasonable conduct of an attorney in a given situation. Ultimately, Cooper Tire's experts are charged with helping the trier of fact understand a fact at issue. See FED. R. EVID. 702. The Court made clear that the testimony should be presented in terms of what a reasonable and prudent practicing attorney would or would not do under the same or similar circumstances tying the conduct to general professional standards. In other words, Cooper Tire's experts should not opine that Kaster "violated his duty of candor," but they may give opinions about the reasonableness of Kaster's actions as they speak to justification of his conduct as a defense to the elements of tortious interference. Therefore, Kaster's Motion to Strike Expert Testimony on Kaster's Duty of Candor [403] is granted in part and denied in part.

## II. Cooper Tire's Motion in Limine to Limit Testimony and Exhibits [447] and Cooper Tire's Motion in Limine to Limit the Testimony of Kaster Defendants' Experts [443]:

The Court previously has ruled on portions of these motions in limine and now rules on the following issues still remaining:

### Evidence Relating to Dissemination of the Affidavit to the Public [447] or Expert Testimony Referencing this Evidence [443]

Cooper Tire requests that the Court exclude any documents and testimony in which any person without first-hand knowledge claims that: (a) Tab Turner provided the affidavit to Public Citizen or persons other than Whitaker counsel or (b) that the affidavit was made a matter of public record in the Harris case. The Court finds that the disposition of this motion should be carried forward to trial. More argument on this issue will be entertained at the hearing scheduled for January 8, 2009.

### Cooper Tire's Document Retention Policy and Shredding of Documents or Experts Referencing this Evidence [447] [443]

Cooper Tire contends that its shredding of documents in compliance with the 1999 company

2

policy is not relevant to this lawsuit, and that the document retention policy was known to Whitaker plaintiffs' counsel prior to their attainment of Barnett's affidavit. Cooper Tire concludes that the potential for prejudicing the jury is great and thus, any discussion of the shredding of documents or Cooper Tire's document retention policy should be prohibited.

Kaster Defendants, in response, note that Cooper Tire was sanctioned for shredding documents in the Whitaker case. Pursuant to Federal Rule of Evidence 404(b), Defendants assert that the evidence of shredding is relevant to prove that Cooper Tire intended to destroy evidence relative to the Whitaker litigation, that the destruction through burning was not a mistake or an accident but a deliberate attempt to keep the documents out of the hands of Whitaker counsel. Moreover, Defendants urge the shredding to be introduced to allow the jury to understand the context in which the Whitaker counsel was making decisions and acting in the course of litigation. And the shredding shows that Hogan Cooper had knowledge Cooper Tire possessed documents relative to the Whitaker case, yet the documents were destroyed instead of turning them over in discovery as requested by the Arkansas court.

Cooper Tire's document retention policy and destruction of documents was mentioned in Barnett's affidavit that will be presented to the jury at trial. The Fifth Circuit opined in its 2005 Opinion that the Defendants' motive and intent is an issue in this case. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 459 (5th Cir. 2005) ("Cooper Tire I"). The Court finds that, in order for the jury to understand the background and context of the Whitaker litigation, evidence and testimony regarding Cooper Tire's document retention policy and the shredding of documents should be admitted. This evidence helps the jury understand why, in light of the difficulty Whitaker counsel had in obtaining documents from Cooper Tire, Kaster acted as he did after learning of the affidavit.

3

Accordingly, Cooper Tire's Motion in Limine as to these issues is denied.

**Information relating to Cooper Tire's awling of tires [447]**

This Court previously granted Cooper Tire's Motion in Limine excluding information relating to awling of tires with respect to liability and deferred ruling as to damages. At the April 30 hearing, Kaster conceded that the practice of awling is irrelevant as to the issue of liability but asked the Court to hold its ruling until discovery is complete as awling may be relevant to damages as claimed by Cooper Tire. In light of the fact the bifurcation order has been vacated, the Court now addresses whether information relating to the awling of tires should be excluded with respect to damages as well. Kaster, in his post-hearing brief, contends that if Cooper Tire claims its reputation has been damaged by the affidavit's dissemination then front page Wall Street Journal coverage and numerous other stories about the poor quality and awling of Cooper Tire's product is relevant.

The Court holds that information relating to Cooper Tire's awling of tires even with respect to damages is irrelevant and unduly prejudicial. Defendants have offered no expert proof that Cooper Tire's reputation was harmed due to poor tire quality. Therefore, Cooper Tire's Motion in Limine [447] as to this issue is granted.

**Details of the accident underlying the Whitaker case [447]**

During the April 30, 2008, hearing, all parties agreed that the details of the automobile accident at issue in Whitaker are irrelevant. This Court excludes all reference to details of the accident that gave rise to the Whitaker suit, including the manner of the accident and the extent of the injuries. The Court, however, will allow testimony of the date the Whitaker case was filed and the date it was settled. The Court will allow testimony that Bruce Kaster was co-counsel representing Whitaker plaintiffs in that case, and further will permit proof that the Whitaker case

4

involved a product liability claim regarding Cooper Tire and Rubber Company's tires.

**Arguments or expert testimony that Cooper Tire's settlement in <u>Whitaker</u> case is an admission of fault or evidence of liability [443][447]**

Cooper Tire contends that Defendants should be prohibited from implying, through expert witnesses or otherwise, Cooper Tire's settlement in the <u>Whitaker</u> case was an admission of fault of evidence of liability. Pursuant to Federal Rule of Evidence 408,

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through prior inconsistent statement or contradiction:
> (1) Furnishing or offering or promising to furnish-or accepting or offering or promising to accept-valuable consideration in compromising or attempting to compromise the claim . . . .

Fed. R. Evid. 408. Even though the jury in this case will be privy to the fact Cooper Tire settled the <u>Whitaker</u> case, the Courts holds that Defendants are prohibited from implying, through expert witnesses or otherwise, that Cooper Tire's settlement of the <u>Whitaker</u> case was an admission of fault or evidence of liability. Accordingly, Cooper Tire's motions [443][447] as to this issue are granted.

**Cooper Tire's revenue, finances, and size [447]**

Cooper Tire anticipates that Defendants will suggest to the jury that Cooper Tire is a wealthy, thriving, large company, and that they are merely "Davids" in a David and Goliath story. Cooper Tire contends that any reference to Cooper Tire's revenue, finances, and size is irrelevant and would be utilized to prejudice the jury. The Court agrees such references are irrelevant and should be excluded. However, the Court finds for purposes of disproving damages suffered by Cooper Tire, Defendants must necessarily discuss finances and revenue. Therefore, Cooper Tire's Motion in Limine [447]on this issue is granted in part and denied in part.

**Testimony or documents stating that Barnett was ordered to burn documents [447]**

Cooper Tire contends that based on Judge Howard's order granting sanctions, Defendants are collaterally estopped from arguing that Cooper Tire ordered Barnett to destroy documents relevant to the Whitaker case. Although Barnett testified at the May 16, 2002 sanctions hearing, because she invoked her Fifth Amendment privilege, Barnett's complete testimony was stricken from the record by an order filed the afternoon of May 17 and could not be used for any purpose. Judge Howard's May 22 order granting sanctions first acknowledged that Barnett's testimony was stricken from the record and could not be used for any purpose and then concluded that "[b]ased on the current record [which did not include Barnett's testimony], there is no evidence that Hogan directly or indirectly asked Barnett to go to the warehouse and destroy any documents in connection with this lawsuit." Cooper Tire submits that "[t]he Fifth Circuit honored the holding of the Whitaker court, citing in its 2005 opinion the ruling by the Whitaker court "that there was no credible evidence that Barnett or Hall was instructed to burn documents." Cooper Tire I, 423 F.3d at 453. Cooper Tire further argues that the Fifth Circuit's determination regarding Judge Howard's order is the law of the case. However, this Court finds no determination regarding Judge Howard's order was made by the Fifth Circuit. Instead, the Fifth Circuit was merely describing the background of events that had taken place in the Whitaker case. After acknowledging the court struck Barnett's testimony, the Fifth Circuit stated what the Whitaker Court held with respect to document burning.

Collateral estoppel precludes parties from re-litigating specific issues which have been actually litigated and are essential to the judgment in a former action. Smith v. Malouf, 826 So. 2d 1256, 1259 (Miss. 2002). Strict identity of the parties is not necessary for collateral estoppel to apply, if it can be shown that a nonparty stands in privity with the party in the prior action. Id.

6

Cooper Tire contends that "Cooper Tire was a party to the Whitaker suit, and Kaster and Farese have the same interests at stake and thus stand in privity to the Whitaker plaintiffs with regard to the document burning issue." The Court disagrees with Cooper Tire's conclusory assertion that Kaster and Farese somehow stand in privity to the <u>Whitaker</u> plaintiffs. Therefore, the Court finds Defendants are not precluded, by collateral estoppel or the law of the case, from arguing Barnett was ordered to burn documents.

**III.     Farese Defendants' Motion in Limine to Limit Testimony and Exhibits [479]:**

The Court previously ruled on portions of this motion in limine and now rules on the remaining issues:

**Any Testimony or Mention of Judge Howard's Sanctions Order in the <u>Whitaker</u> Litigation as it Pertains to Testimony of Hogan Cooper and Cathy Barnett**

Farese Defendants' Motion in Limine [479] as to this issue is denied. The Court explains the relevance of Judge Howard's Sanctions Order as to pertains to testimony of Hogan Cooper and Cathy Barnett below under the sub-heading "Details surrounding Barnett's ultimate attendance at the Whitaker sanctions hearing, Cooper Tire's efforts to cross-examine her, and Judge Howard's Order."

**<u>POST-HEARING BRIEFS</u>**:

During the April 30, 2008, motions hearing, the Court requested further briefing from the parties on a number of issues. Having reviewed the parties briefs and responses, the Court now will address the relevancy and admissibility of issues raised by the parties. The Court further will set parameters as to what events in the <u>Whitaker</u> case are relevant and admissible in order to serve as a guideline to the parties in trial preparation.

I.   **Farese Defendants' Memorandum Brief to Judge Aycock In Support Of Issues Taken Under Advisement After the April 30, 2008, Motions Hearing [518]:**

**Truthfulness of Barnett's Affidavit**

With regard to Cooper Tire's claims of intentional interference with business relations and intentional interference with contract, Farese Defendants affirmatively pled privilege and justification as a defense for acts in representation of Cathy Barnett. Defendants argue their defenses would be severely impaired if they are not allowed to illustrate the truthfulness of Barnett's testimony. As to the conspiracy claim, Defendants submit that if the proof shows that Barnett has testified truthfully with regard to every material aspect of her assertions, there can be no evidence of any sort of conspiracy. The Court disagrees with Defendants' contentions.

Cooper Tire need not prove that the affidavit is false to succeed on its claims. "Tortious interference is based on intermeddling-a tort occurs if without sufficient reason, one person intentionally interferes with another's contract even if the interference is by giving information that is *completely accurate*, when the purpose was to cause interference and injury results. Morrison v. Miss. Enter. for Tech., Inc., 798 So. 2d 567, 575 (Miss. Ct. App. 2001)(emphasis added). Although proving the falsity of Barnett's affidavit and testimony is not essential for Cooper Tire to succeed on its claims, the truth or falsity of her affidavit and testimony is still relevant. Barnett's truthfulness goes to her credibility and would directly impact Defendants' defenses. Therefore, Defendants will be allowed to offer evidence of the truthfulness of Barnett's affidavit and testimony to support their justification and privilege defenses, but truthfulness is not an element that Cooper Tire must prove or rebut.

**II.     Supplemental Brief of Bruce Kaster and Bruce Kaster P.A. [519]:**

**Evidence of Phone Calls**

A plaintiff asserting a cause of action for conspiracy must prove that the parties had an agreement, either to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. Gallagher Bassett Servs. v. Jeffcoat, 887 So. 2d 777, 786 (Miss. 2004). The agreement can be proven by indirect and circumstantial evidence since there is rarely direct evidence of an agreement to conspire. Harris v. Mississippi Valley State Univ., 873 So. 2d 970, 980 (Miss. 2004) (relying on Montgomery v. Hughes, 716 F. Supp. 261, 263 (S.D. Miss. 1988)). Defendants argue that evidence of phone calls offered by Cooper Tire do not support a claim of civil conspiracy. Kaster Defendants cite United States v. Galvan for the proposition that more than a showing of mere association and communication with co-conspirators is required to establish a charge of conspiracy. 693 F. 2d 417, 419-20 (5th Cir. 1982). In Galvan, the Fifth Circuit did not think that a jury could reasonably find an agreement based on phone call evidence alone and pointed out that there was absolutely nothing in the record to indicate who actually made the phone calls. Id. According to Defendants, any evidence of phone calls is irrelevant, misleading and confusing to the jury, and should not be allowed pursuant to Federal Rule of Evidence 403.

Cooper Tire points out that cases subsequent to Galvan have recognized its limitations and permitted criminal conspiracy convictions (under the heightened "beyond a reasonable doubt" standard) based in part upon telephone records. In fact, the Fifth Circuit expressly acknowledged after Galvan that evidence of phone calls is relevant circumstantial evidence that, taken together with other evidence, should be submitted to the jury. For example, in United States v. Williams, 264 F.3d 561 (5th Cir. 2001), the Fifth Circuit distinguished Galvan and explained:

9

> Defendant correctly cites United States v. Galvan for the proposition that telephone records are insufficient evidence to support a conspiracy conviction unless the government can show who participated in the calls and the substance of their conversation. 693 F.2d 417, 419 (5th Cir. 1982); United States v. Powers, 168 F.3d 741, 746-47 (5th Cir. 1999).
>
> Galvan, however, did not hold that telephone records are inadmissible absent such a showing. 693 F.2d at 419-20. Thus, even if we credit Defendant's argument that the Government cannot prove who made the calls or what their content was . . . that does not render the evidence of the calls inadmissible. All relevant evidence is generally admissible; and to be relevant, evidence need only make the existence of a material fact "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 and 402. Evidence that telephone calls were made between phones owned by Defendant and other alleged conspirators, at times consistent with the events alleged to be part of the conspiracy, makes the existence of the conspiracy, and Defendant's participation in it, more likely.
>
> Moreover, in the present case, unlike Galvan, the Government did not rely exclusively on the telephone records to support its conspiracy case. The addition of other relevant evidence supporting Defendant's conviction removes this case from the limited holding in Galvan that telephone records are not, standing alone, sufficient to support a conspiracy conviction unless the government can show who participated in the calls and the substance of their conversation. Accordingly, Defendant's argument regarding the admissibility and sufficiency of the phone records is without merit and rejected.

Williams, 264 F. 3d at 574.

Importantly, cases cited by both parties are criminal conspiracy cases which require a heightened "beyond a reasonable doubt" standard, and the present dispute is a civil matter which commands the lesser "preponderance of the evidence" standard. Here, as in Williams, Cooper Tire is not relying solely on telephone records to support its conspiracy claim. Cooper Tire has offered other circumstantial evidence in conjunction with the telephone records, such as e-mails between Turner and Kaster (and his co-counsel) combined with testimony regarding Kaster's efforts to obtain the affidavit prior to March 2002.

Furthermore, the Fifth Circuit in its 2005 Opinion, recognized the telephone records to be

10

relevant evidence of the conspiracy, finding that "[t]he record contains evidence of phone calls between Farese, Turner, and Kaster, before and after the dissemination of the affidavit to the media. It can be inferred that these conversations included discussions about Barnett and the separation agreement." Cooper Tire I, 423 F.3d at 459. Therefore, the telephone records in the present case, in conjunction with other circumstantial evidence offered by Cooper Tire, is relevant and should be presented to the jury.

### III. Cooper Tire's Post-Trial Memorandum Regarding Limiting Evidence of the Whitaker Suit [520]:

**Activity in Whitaker Case Prior to March 13, 2002**

Cooper Tire submits that any activity in the Whitaker case prior to the March 13, 2002, when the affidavit was first revealed, is irrelevant and should be excluded. The Court disagrees and is of the opinion that there are activities prior to March 13, 2002, that are relevant to this action. One such activity is when Judge Whiteaker, in response to the Whitaker plaintiffs' motion to compel, ordered Cooper Tire to produce requested documents. This order is relevant to Kaster's justification defense and provides some context to the jury of prior discovery difficulties with Cooper Tire. Because there may be other events prior to March 13, 2002, that may be relevant to Defendants' defenses, the Court will not enact a blanket exclusion of all evidence prior to that time.

**Kaster's Communications with the Whitaker Court During the March 13, 2002, and May 15, 2002, Telephone Conferences**

According to Cooper Tire, the affidavit was first disclosed by Kaster during the March 13, 2002, telephone conference. Cooper Tire asserts that Kaster had been aware of the general allegations contained in the affidavit since October 2001, but he did not alert the federal court to that fact. Instead, Kaster informed the Whitaker Court that: (1) he had only recently obtained the

11

affidavit within the last week; (2) it "was pretty much sprung on me that they destroyed records that are relevant to these proceedings;" and (3) he was "very shocked" at the allegations regarding the burning of documents. Cooper Tire also contends Kaster's made misleading statements to the Whitaker Court during the March 15, 2002, telephone conference about the affidavit's dissemination. Cooper Tire argues these statements are relevant for impeachment purposes and to refute Kaster's defense that his use of the affidavit was in furtherance of his client's interest.

Kaster Defendants, in response to Cooper Tire's brief, stated that although they believe the communications are not relevant, they do not object to a transcript of the March 13, 2002, or the May 15, 2002, telephone conference as long as the transcript is authenticated and introduced in its entirety. The Court finds both telephone conferences with the Whitaker Court are relevant to this action.

**Actions Taken to Maintain the Confidentiality of Barnett's Testimony and Affidavit in the Whitaker case**

After Kaster informed the Whitaker Court of the affidavit's general allegations during the March 13, 2002 telephone, Kaster requested the Court review the affidavit *in camera* and place it under seal until he could depose two Cooper Tire employees. Cooper Tire filed several motions to unseal the Barnett affidavit before it knew Barnett's identity. Initially, the Whitaker Court preserved the confidentiality of the affidavit, but ordered that it be turned over to Cooper Tire on April 15, 2002, after Hogan Cooper was deposed. Cooper Tire contends the filing of these motions is relevant to establish that the affidavit remained under seal, and that the Defendants knew that the affidavit and its contents were under seal. Cooper Tire further argues the history of various motions involving Barnett's affidavit undercuts Defendants' assertion that the affidavit was not protected and are therefore relevant to Defendants' motive and intent. At this juncture, the Court finds that the

12

filing history of these various motions is not relevant and would be confusing to the jury. However, the Court will revisit this issue again at trial outside the presence of the jury after understanding the context and manner the filing history is used.

**Details Surrounding Barnett's Ultimate Attendance at the <u>Whitaker</u> Sanctions Hearing, Cooper Tire's Efforts to Cross-examine Her, and Judge Howard's Order**

Cooper Tire submits that Barnett's attendance at the sanctions hearing in Arkansas and the circumstances leading up to her attendance are relevant because they are acts in furtherance of the conspiracy to interfere with Cooper Tire's contract and business relations. Likewise, Cooper Tire contends its efforts to cross-examine her and the discussions that occurred are likewise relevant to establish the existence of Defendants' conspiracy and motive. The Court agrees that details surrounding Barnett's attendance at the sanctions hearing and Cooper Tire's efforts to cross-examine her are relevant. The following is a non-exhaustive list of relevant details provided by Cooper Tire: validity of faxed subpoena; Farese's advice to Barnett with respect to her attendance; Barnett's travel arrangements to the hearing; Farese's decision not to attend hearing; Cooper Tire's cross-examination regarding Barnett's employment; and the Court striking her testimony after she invoked her Fifth Amendment privilege. The Court agrees that details surrounding Barnett's attendance at the sanctions hearing and Cooper Tire's efforts to cross-examine her are relevant. The actual order also is relevant because it sanctioned Cooper Tire for shredding documents that may have been beneficial to <u>Whitaker</u> plaintiffs. As explained in more detail above, the evidence of document shredding helps the jury understand why, in light of the difficulty <u>Whitaker</u> counsel had in obtaining documents from Cooper Tire, Kaster acted as he did after learning of the affidavit.

**Farese's Communications with the <u>Whitaker</u> Court in the May 17, 2002, Telephone Conference**

Farese was contacted during the May 2002 sanctions hearing to confer with Barnett regarding Cooper Tire's desire to cross-examine her regarding the alleged misappropriation of Cooper Tire property and the circumstances leading up to her separation from employment with Cooper Tire. Cooper Tire contends that Farese's communications during this hearing are directly relevant to his claim that he was acting in his client's best interest in disseminating the affidavit, as he readily admits that its publication damaged her. At this juncture, the Court is not fully convinced Farese's communication with the Arkansas court is relevant to the present case. The Court may hear more arguments on this matter at the hearing scheduled for January 8, 2009.

**Any Investigation Done by Leonard Sanders Regarding the <u>Whitaker</u> Case**

According to Cooper Tire, Leonard Sanders performed investigative services in March 2002 relating to the alleged burning of documents. Cooper Tire contends that when Farese was first deposed, he denied having anything to do with the investigation, but subsequent documents and telephone records obtained from March 2002 cast doubt on Farese's testimony he was not involved. Cooper Tire submits Sanders' investigation is relevant to impeach Farese's testimony and to demonstrate the conspiracy among Defendants and their co-conspirators.

Farese Defendants merely argue Sanders' investigation does not support a conspiracy. Kaster Defendants agree with Cooper Tire that Leonard Sanders investigation is relevant but for different reasons. Kaster Defendants assert this evidence will support Kaster's justification defense in showing that the information in the affidavit was not taken at face value, but that <u>Whitaker</u> counsel attempted to corroborate the information. The Court finds that the investigation done by Leonard Sanders is relevant.

**SO ORDERED**, this the 19th day of December 2008.

                                                  **s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**