**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**COOPER TIRE AND RUBBER CO.**                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                        **DEFENDANTS**

<u>**ORDER**</u>

Pursuant to the January 8, 2009, bench opinion,

<u>**MOTIONS AND POST-TRIAL MEMORANDUM:**</u>

(1)     Farese Defendants' Motion for Reconsideration [652] of Order on Motion for Partial Summary Judgment [636] is taken under advisement.

(2)     Cooper Tire's Motion in Limine to Limit Testimony and Exhibits [447] and Cooper Tire's Motion in Limine to Limit the Testimony of Kaster Defendants' Experts [443] and Cooper Tire's Additional Motion in Limine [643] is granted in part and denied in part as to the following remaining issues:

     i.     Any documents and testimony in which any person without first-hand knowledge claims that:

        (a)     Tab Turner provided the affidavit to Public Citizen or persons other than <u>Whitaker</u> counsel–granted in accordance with the bench opinion;

        (b)     Affidavit was disseminated by anyone else because they have no first-hand knowledge of the dissemination of the affidavit by anyone but themselves–granted in accordance with the bench opinion; or

        (c)     that the affidavit was made a matter of public record in the <u>Harris</u> case–granted in accordance with the bench opinion. Defendants, however, may offer transcript and witnesses with first-hand knowledge to prove affidavit was admitted.

(3)     Cooper Tire's Post-Trial Memorandum Regarding Limiting Evidence of the <u>Whitaker</u> Suit [520]:

        i.     Actions taken to maintain the confidentiality of Barnett's testimony and affidavit in the <u>Whitaker</u> case–deemed not relevant and confusing to jury in accordance with the bench opinion

(4)     Farese Defendants' Additional Motion in Limine [640] is granted in part and denied in part as to the following remaining issues:

        i.     Any reference to the tapes which were made by Cathy Barnett and cover letters pertaining to these tapes–granted in accordance with the bench opinion

        ii.     Deposition testimony of Mark Hankins as it relates to his affidavit–granted in accordance with the bench opinion

        iii.     Examining Cathy Barnett on what she did with the money she received from Farese–granted in accordance with the bench opinion

(5)     Cooper Tire's Additional Motions in Limine [643] is granted as to the following remaining issues:

        i.     Any suggestion or implication that the separation agreement is void or unenforceable because it was procured under the threat of criminal prosecution–granted in accordance with the bench opinion

        ii.     Suggestion that Cooper Tire's business was "unlawful"–granted in accordance with the bench opinion

**<u>DEADLINES:</u>**

(1)     Deposition Designation Objections due January 13, 2009, by 5:00 p.m.

(2)     Final Pre-Trial Order due January 15, 2009, by noon.

(3)     Exhibit List due January 16, 2009, by 5:00 p.m.

    SO ORDERED, this the 9th day of January 2009.

                                      **s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**