# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**COOPER TIRE AND RUBBER CO.**                                       **PLAINTIFF**

**V.**                      **CIVIL ACTION NO.: 3:02CV210-SA-JAD**

**JOHN BOOTH FARESE, et. al**                                    **DEFENDANTS**

## ORDER ON DEPOSITION DESIGNATION
## OBJECTIONS AND REMAINING EXHIBIT OBJECTIONS

Presently before the Court are the Parties' Objections to Deposition Designations. Also before the Court are a few remaining exhibit objections. The Court finds as follows:

**I.**     **Deposition Designation Objections**

**Jerry Kelly March 2004**

- 29:2-7 Farese objects speculation–**OVERRULED**

- 33:19-25 Farese objects speculation–**OVERRULED**

- 47:19 - 48:4 Farese objects speculation–**OVERRULED**

- 57:14-15 Farese objects speculation, no personal knowledge–**SUSTAINED**

- 67:5-8 and 67:12-15 Farese objects speculation–**OVERRULED**

- 79:21 - 79:24 Farese and Kaster object as irrelevant; if the court overrules the objection, Cooper Tire will agree to a counter-designation by Kaster of 78:15-78:17 and 79:11-79:20–**SUSTAINED**

**Jerry Kelly February 2006**

- 25:5 - 25:12 Farese objects speculation and relevancy–**OVERRULED**

- 33:18-33:20 Farese objects speculation and based on court ruling Jan. 8,

2009–**OVERRULED**

- 34:25-35:4 Farese objects speculation and based on court ruling Jan. 8, 2009–**OVERRULED**

- 35:14-35:20 with 36:16 Farese objects speculation–**OVERRULED**

- 37:18 - 37:23 Farese objects speculation–**OVERRULED**

**Wray Eckl July 2006**

- 17:20 - 19:12–**SUSTAINED,** 19:13-19:15–**OVERRULED,** 21:7-21:9--**OVERRULED.** Cooper Tire objects relevancy and improper question

- 38:12-38:13–**SUSTAINED**. 39:3-42:7–**SUSTAINED.** Farese objects on hearsay and non-responsive

- 53:10-53:19, 53:22-53:25, 54:1, 56:14-56:16, 56:19-56:20, 57:23-57:25, 58:1-58:3, 58:7-58:10 Cooper Tire objects on relevancy and improper questioning–**SUSTAINED**

**Tab Turner**

- 10:12-10:16 Farese objects on relevancy–**SUSTAINED**

- 26:3-26:9 Farese objects on relevancy and court's ruling of Jan. 8, 2009–**OVERRULED**

- 92:13 - 93:15 Cooper Tire objects on relevancy–**SUSTAINED**

- 93:16 - 95:13 Cooper Tire objects based on FRE 408–**SUSTAINED**

- 100:6 - 101:17 Cooper Tire objects improper opinion testimony, speculation, relevancy, prejudicial–**SUSTAINED**

- 102:13 through 103:10, Cooper Tire objects improper opinion testimony, speculation, relevancy, prejudicial–**SUSTAINED**

- 108:6 - 109:5 Cooper Tire objects improper opinion testimony, speculation, relevancy, prejudicial–**OVERRULED**

**Mark Hankins**

- 31:19-31:20 Farese objects improper lay opinion, lack of foundation–**SUSTAINED**

- 33:25 - 34:01–**OVERRULED**, 35:1-3**--SUSTAINED**, 35:12-21–**SUSTAINED.** Kaster and Farese hearsay objections

- 39:4-8 Farese objection hearsay–**SUSTAINED**

- 40:17 - 41:4 Farese and Kaster hearsay–**SUSTAINED**

- 99:21 The line "not for stealing" as non-responsive and prejudicial objection by Farese–**SUSTAINED**

- 100:11 - 101:7 Kaster objection hearsay–**SUSTAINED**

- 108:6 - 109:3, 109:23 - 110:2 Farese relevancy–**SUSTAINED**

- 110:7-25 Kaster hearsay–**SUSTAINED**

- 112:20 - 113:16–**SUSTAINED**, 113:17-114:2–**OVERRULED**. Farese, Kaster objection as all was subject to motion in limine, hearsay

- 115:13-25 Farese objection subject to motion in limine–**SUSTAINED**

- 117:17 beginning with "Cathy ..." through line 23 Farese objection subject of motion in limine–**SUSTAINED**

**David Dial**

- 27:22-25 Objection by Cooper Tire based on relevancy and improper opinion–**SUSTAINED**

- 56:17 - 57:2 Objection by Cooper Tire based on relevancy and prejudicial–**OVERRULED**

- 74:14-22 Objection by Cooper Tire based on relevancy, prejudicial–**SUSTAINED**

- 74:23 - 75:8 (ending with "Ms. Barnett")–**OVERRULED**, 75:8 (beginning with "that") - 75:14–**SUSTAINED**, 75:15-75:19–**OVERRULED**. Objection by Cooper Tire based on FRE 408

**Bruce Kaster April 2004**

- 28:13 - 16–**OVERRULED**, 28:17-28:22–**SUSTAINED**. Kaster and Farese Objections - foundation, relevancy, speculation, and based on court ruling of Jan. 8, 2009

- 32:12 - 33:10 Kaster and Farese Objections - speculation, foundation, and based on court ruling of Jan. 8, 2009–**SUSTAINED**

- 35:4 - 35:6 (ending with "No.")–**OVERRULED**, 35:6 (starting with "Public Citizen")-35:23–**SUSTAINED**. Cooper Tire objection hearsay

- 43:21-44:22 Cooper Tire objection improper opinion, prejudicial, speculation–**SUSTAINED**

- 48:4-21 Cooper Tire objection speculation, improper opinion, relevancy–**SUSTAINED**

- 88:17 - 90:15–**OVERRULED**, 91:1 - 92:10–**OVERRULED**, 92:11-92:17–**SUSTAINED**. Cooper Tire objection speculation, hearsay, cumulative

- 93:24 - 94:10 Cooper Tire objection hearsay and speculation–**OVERRULED**

- 94:11-15 Cooper Tire objection improper opinion, speculation–**SUSTAINED**

- 106:11-23 Cooper Tire objection cumulative of transcript, hearsay and speculation–**OVERRULED**

**Bruce Kaster August 2006**

- 52:13-16 Cooper Tire objects on relevancy and prejudicial–**OVERRULED**

4

- 92:4 Cooper Tire objection where it says "those documents have been burned or shredded"–**SUSTAINED** ... lines 13-16–**SUSTAINED**. Cooper Tire objection speculation, prejudicial, and lack of foundation

- 122:20 - 123:8 Cooper Tire objection hearsay–**SUSTAINED**

**Lisa Pasjberg August 2006**

- 7:1-20 Cooper Tire objection relevancy–**SUSTAINED**

- 13:1-6 Cooper Tire objection relevancy–**SUSTAINED**

- 14:7-10–**SUSTAINED**, 14:15-25–**SUSTAINED**. Cooper Tire objection relevancy, speculation, hearsay

- 17:21 - 18:3 Cooper Tire objection relevancy, hearsay, speculation–**SUSTAINED**

- 58:24 - 59:10 Cooper Tire objection hearsay, speculation–**SUSTAINED**

**John Booth Farese July 2003**

- 115:14 - 22 Starting with "And again ..." Cooper Tire objection speculation–**SUSTAINED**

- 180:19 - 180:20 through " ... way, way too much." Farese objection that violates court order–**SUSTAINED**

**John Booth Farese March 2004**

- 89:6-89:14 Farese objects on grounds of speculation–**OVERRULED**

**Clay Gompf June 2006**

- 34:23 from "You knew ... - 35:2 Cooper Tire objects on relevancy and cumulative–**SUSTAINED**

- 35:3 - 36:1 Cooper Tire objects improper opinion–**SUSTAINED**

- 37:5 - 39:2 Cooper Tire objects on relevancy, improper opinion, vagueness and

cumulative–**SUSTAINED**

**Eileen White September 2006**

- 21:13 beginning with "Were ..." through 25:16 Farese objection speculative, no personal knowledge, unresponsive, vague, evasive–**OVERRULED**

- 102:7 - 103:18–**SUSTAINED**, 103:19-103:22–**OVERRULED**. Farese objection lack of personal knowledge, speculation

- 105:25 - 106:5 Farese objection speculative, non-responsive–**SUSTAINED**

- 109:20-21 Farese objection as non-responsive–**SUSTAINED**

- 116:7 - 120:7 Farese objection speculative, hearsay, self-serving, no personal knowledge, improper opinion testimony–**SUSTAINED**

- 122:6 - 124:3–**SUSTAINED**, 124:19 - 125:25–**SUSTAINED**. Farese objection speculation, hearsay, improper opinion testimony, self-serving, non-responsive

- 127:13 - 19 Farese objection improper opinion testimony, invades province of jury–**SUSTAINED**

- 129:11 - 130:13 Farese objection lack of foundation, speculative, improper opinion testimony, lack of personal knowledge–**SUSTAINED**

**Eileen White October 2006**

- 40:10 - 41:19 Cooper Tire objection relevancy–**SUSTAINED**

**Eileen White July 2008**

- 19:12 - 20:23 Cooper Tire objection relevancy, misleading, confusing–**DEFER RULING**

- 20:24 - 21:10 Cooper Tire objection relevancy, misleading, confusing, cumulative–**DEFER RULING**

- 21:11-21:15 Cooper Tire relevancy, misleading–**OVERRULED**

- 21:16 - 21:24 through "stockholders" Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 22:16 - 22:18 Farese objection prejudicial, lack of foundation, relevancy at this stage of trial–**SUSTAINED**

- 22:24 - 23:25 Cooper Tire objection relevancy, misleading, confusing–**SUSTAINED**

- 24:2-24:15 Farese objection prejudicial, lack of foundation, relevancy at this stage of trial, lack of personal knowledge–**SUSTAINED**

- 30:18-30:20 Cooper Tire objection relevancy–**SUSTAINED**

- 40:14 - 40:23 Cooper Tire objection relevancy–**SUSTAINED**

- 41:2-41:5--**OVERRULED**, 41:13-18–**OVERRULED**. Farese objection lack of foundation

- 42:16 through 43:9 Farese objection lack of foundation, lack of personal knowledge–**OVERRULED**

- 44:17 through 45:5 Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 48:15 through 49:12 Cooper Tire objetion relevancy, misleading, confusing–**OVERRULED**

- 50:8-50:12 Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 50:16 - 51:1 Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 84:4-84:25 Cooper Tire objection relevancy–**OVERRULED**

- 85:14-85:16 Cooper Tire objection relevancy–**OVERRULED**

- 106:11 - 107:15 Cooper Tire objection relevancy, form of question–**OVERRULED**

- 108:2 - 108:11–**OVERRULED**, 108:12-108:14–**SUSTAINED**. Cooper Tire objection relevancy

- 110:25 - 111:8–**OVERRULED**, 111:9-111:11–**SUSTAINED**. Cooper Tire objection relevancy

- 115:1-115:3 Cooper Tire objection relevancy, misleading, cumulative, confusing–**SUSTAINED**

- 120:5-120:16–**OVERRULED**,120:21-121:10–**OVERRULED**. Cooper Tire objection relevancy, misleading, confusing, cumulative

- 129:24 - 130:2–**SUSTAINED**, 130:3-5--**SUSTAINED**, 130:13-16–**DEFER RULING**. Cooper Tire objection relevancy, misleading, cumulative, confusing

- 135:21-24–**OVERRULED**, 136:7-12–**OVERRULED**. Cooper Tire objection relevancy

- 136:13 through 137:17 Cooper Tire objection relevancy, misleading, cumulative, confusing–**SUSTAINED**

- 139:4-8 Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 139:9-17 Cooper Tire objection relevancy, misleading, confusing–**OVERRULED**

- 155:6-8 Cooper Tire objection relevancy, misleading, confusing, cumulative–**SUSTAINED**

## II. Exhibit Objections Remaining

The following exhibit objections were presented to the Court and taken under advisement during the January 8, 2009, hearing. The parties agree Joint Exhibits 17, 19, and 35 should be admitted into evidence, however, disagree as to which version of the exhibit should be used. The exhibit numbers correspond with the proposed pretrial order marked for identification as Exhibit No. DF-1 to the January 8, 2009, hearing transcript.

(1)     Joint Exhibit # 17–April 22, 2002, Harris v. Cooper Tire Hearing Transcript

Kaster seeks to introduce a copy of the hearing transcript that has a copy of the affidavit attached with an exhibit sticker marked with the civil cause number. Cooper Tire objects on both authenticity and because this version of the transcript was not produced during discovery. Although the hearing transcript directly references the introduction of the exhibit into evidence, and witnesses may corroborate that it was introduced, Kaster's version of the hearing transcript was not produced during discovery and is, therefore, untimely. The Court finds that Cooper Tire's version of the Harris v. Cooper Tire hearing transcript is the version that will be admitted at trial.

(2)     Joint Exhibit #19–April 23, 2002, Letter from Meyers to Farese

Cooper Tire seeks to introduce a copy of this letter that has an internal Farese office routing document attached. The routing document states "Meyers to Farese on Barnett not complying w/terms of agreement regarding her deposition." Kaster and Farese object that this document is irrelevant and would be confusing and misleading to the jury. Cooper Tire contends that the routing document is relevant, the exhibit was produced with the routing form, and the creator of the routing form, Farese, Farese, & Farese, P.A., is a Defendant in this case. The Court is of the opinion the routing document is confusing and misleading as the reference only defines the content of the letter. The Court finds that the April 23, 2002, letter from Meyers to Farese, without internal Farese office routing document, is the version of Exhibit #19 that will be admitted at trial.

(3)     Joint Exhibit #35– Order issued by United States District Judge George Howard, Jr., May 22, 2002

Farese Defendants seek to introduce Judge Howard's Order with specific portions of the Order relating to Cathy Barnett redacted. At the January 8, 2009, hearing, Farese Defendants'

counsel contended their request was supported by this Court's December 19, 2008, Order on Motions and Post-Hearing Briefs [651]. This Court's Order [651] addressed a sub-part of Farese Defendants' Motion in Limine to Limit Testimony and Exhibits [479] entitled "Any Testimony or Mention of Judge Howard's Sanctions Order in the Whitaker Litigation as it Pertains to Testimony of Hogan Cooper and Cathy Barnett." The Court denied the Farese Defendants' Motion in Limine as to this issue. This Court later explained that it "agrees that details surrounding Barnett's attendance at the sanctions hearing and Cooper Tire's efforts to cross-examine her are relevant. The actual order also is relevant because it sanctioned Cooper Tire for shredding documents that may have been beneficial to Whitaker plaintiffs."

Based on this Court's prior ruling, the complete and unredacted Order issued by Judge Howard, Jr., on May 22, 2002, is the version of Joint Exhibit #35 that will be admitted at trial.

(4)  Exhibit KD-39 [Whitaker] Plaintiffs' Joint Motion for Sanctions

Kaster Defendants argue that in order for the jury to understand Judge Howard's May 22, 2002, Order, Whitaker Plaintiffs' Joint Motion for Sanctions should be admitted as evidence at trial. The Court finds Cooper Tire's objection to Exhibit KD-39 is sustained as Judge Howard's Order alone sufficiently describes the relevant events leading up to the Order.

(5)  Exhibit DF-28b through DF-28n–Various Newspapers dated from August 30, 2000, until October 29, 2001

At the January 8, 2009, hearing, Farese Defendants' counsel argued that these newspaper articles, although published well before the Bloomberg article regarding Barnett's affidavit, are similar to the Barnett Bloomberg article. Farese Defendants' counsel contended that these articles go to damages, as articles similar to the one Cooper Tire alleges caused the dramatic drop in stock

10

price were published in the same geographic area with no negative impact on its stock price.

Defendants have offered no expert proof comparing the timing of the publication of the previous articles with any impact on Cooper Tire's stock price. Moreover, due to the time period of these articles, the Court concludes they are not relevant. Furthermore, a number of these articles reference awling of tires and such references have been precluded by this Court's Order [651] dated December 19, 2008. The Court finds Cooper Tire's objections to Exhibits DF-28b through DF-28n are sustained.

SO ORDERED this the 15th day of January 2009.

                 **s/ Sharion Aycock**
                 **U.S. DISTRICT JUDGE**